# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| M. MARINKOVIC, | ) |
| Plaintiff, | ) |
| v. | ) 2:16-cv-292 |
| | ) **Electronic Filing** |
| MERCER COUNTY TAX CLAIM BUREAU, *et al*, | ) |
| Defendants. | ) |

## OPINION

M. Marinkovic ("plaintiff") commenced this civil action in the Court of Common Pleas of Mercer County on January 4, 2016.[1] In his initial complaint plaintiff named Mercer County

---

[1] Plaintiff, also known as Melvin M. Marinkovic, Mel Marin and Melvin M. Marin, is a serial *pro se* filer who has filed vexatious litigation in this court in Mel Marin v. The Erie Times, et al., 1:11cv102 (Doc. No. 18), aff'd, 525 F. App'x 74 (3d Cir. 2013); In re: Joseph Fragile, et al., 2:11cv788 (Doc. No. 8); In re: Joseph Fragile, et al., 2:11cv789 (Doc. No. 7), Mel Marin v. Tom Leslie, et al., 2:09cv1453 (Doc. No.s 57 & 58); Melvin M. Marinkovic v. Mayor Joseph Sinnott, et al., 1:12cv139 (Doc. No. 21), Marin v. La Paloma Healthcare Center, et al., 1:11cv230 (Doc. No.s 2 & 3), and Mel M. Marinkovic v. Mayor Joseph Sinnot, et al., 1:13cv185 (Doc. No.s 2, 4). He has filed an action challenging the actions of private citizens in opposing his campaign for federal congress, which the court found likely to be "more of the same." See Marin v. Robert A. Biros, et al., 2:11cv884 (Doc. No. 6 at 4). Plaintiff also has pursued an action challenging the need for him to submit his social security number in order to receive a profession license as an Emergency Medical Technician, which the court found to be without merit at summary judgment. See Opinion of April 11, 2014 in Mel Marin v. William McClincy and Melissa Thompson, 1:11cv132 (Doc. No. 81 in 1:11cv132). He likewise has filed over 70 proceedings in other jurisdictions and been placed on the "Vexatious Litigant List" by the State of California in connection with a filing in the San Diego Superior Court at No. 720715. See Transmittal Statement of the Bankruptcy Court to Accompany Notice of Appeal (Doc. No. 1-14) in In re: Joseph Fragile, et al., 2:11cv789 (W.D. Pa. June 15, 2011) at 6 n.3. Plaintiff "was once a law clerk in the federal court and a 9th Circuit extern." Verified First Amended Complaint in Melvin M. Marinkovic v. Mayor Joseph Sinnott, et al., 1:12cv139 (Doc. No. 3) at ¶ 112. Plaintiff attended Harvard University and has a law degree from Oxford University. For additional information and another account of similar escapades by plaintiff see, e.g., http://triblive.com/news/armstrong/8171747-74/marin-county-lawsuit.

Tax Claim Bureau ("Bureau") as defendant and alleged six causes of action pursuant to the Civil Rights Act, 42 U.S.C. § 1983. All of the causes of action were premised on asserted violations under the Ninth and Fourteenth Amendments to the United States Constitution. The Bureau filed preliminary objections to the initial complaint on January 25, 2016. Plaintiff filed preliminary objections to the Bureau's preliminary objections and motion to strike on February 1, 2016.

Plaintiff filed an amended complaint ("first amended complaint") on February 10, 2016, adding as defendants Mercer County and Mercer County Commissioners Scotty Boyd ("Boyd"), Timothy McGonigle ("McGonigle"), and Matthew McConnell ("McConnell"), in their individual capacities. Plaintiff alleged nine causes of action in the first amended complaint, seven of which asserted claims pursuant to the Civil Rights Act predicated on asserted violations of numerous amendments to the United States Constitution.

The Bureau, Mercer County, and Commissioners Boyd, McGonigle, and McConnell ("defendants") removed the action on March 11, 2016, pursuant to 28 U.S.C. §§ 1441(a) and (c). Defendants then filed a motion to strike the first amended complaint in its entirety and brief in

---

Plaintiff also uses different addresses in different states to maintain his pending cases. He frequently claims not to have received mail at the address he maintains in the court's docket and seeks to reset his own deadlines for compliance with any particular pretrial deadline. A review of his filings in the related dockets reflects the repeated use of such tactics. See e.g. Motion for Service (Doc. No. 13 in 1:12cv139); Motion for an Order to Allow Filing of Opposition to Motion to Dismiss Out-of-Time (Doc. No. 17 in 1:12cv139); Notice of and Motion for Leave to Allow Responses to Order of April 11, 2013 Out-of-Time and Request for Clerk to Send Case Management Order and Declaration in Support (Doc. No. 51 in 2:09cv1453) at 1; Notice of and Motion to Supplement Motion for Late Response to Order of April 11, 2013 Out-of-Time and Request for Clerk to Send 2011 Case Management Order (Doc. No. 55 in 2:09cv1453) at 1; Plaintiff's Notice of and Motion for Leave to File a Pre-Trail Statement Out-of-Time (Doc. No. 31 in 2:06cv690) at 1; Plaintiff's Notice of Change of Address and Motion for Remailing (Doc. No. 52 in 1:11-cv-132); Motion for Leave to File Opposition to Summary Judgment Out of Time (Doc. No. 64 in 1:11-cv-132 at 5-6); Motion for Leave to File Third Amended Complaint Out of Time (Doc. No. 65 in 1:11-cv-132 at 1); Motion to Vacate Memorandum & Order Dismissing Case (Doc. No. 10 in 2:11cv884). The docket in each case verifies that in accordance with the Local Rules all orders and opinions are mailed to plaintiff at the mailing address he has provided for the particular case (which includes a change of address upon proper notification to the Clerk).

support on April 4, 2016.  Plaintiff filed a brief in opposition to this motion on May 5, 2016.  Plaintiff filed a motion to remand to state court on April 11, 2016 and defendants submitted a brief in opposition to this motion on May 20, 2016.

On June 6, 2016, plaintiff filed a notice/motion to 1) dismiss all federal claims without prejudice, 2) permit the filing of a second amended complaint limited to state law claims and 3) remand the action to state court.  Defendants submitted a brief in opposition to these filings on June 15, 2016.

Plaintiff essentially seeks to limit his complaint to claims grounded in state law and return to state court.  Defendants maintain that the action must remain in federal court.  For the reasons set forth below, plaintiff will be permitted to proceed on the second amended complaint and the action will be remanded to state court.

Defendants were entitled to remove the action based on the first amended complaint.  Removal of a state action to federal court is proper only if the action "originally could have been filed in federal court." Caterpillar v. Williams, 482 U.S. 386, 392 (1987); see also 28 U.S.C. § 1441.[2]  Absent diversity of citizenship, federal-question jurisdiction is required to support removal.  Id. at 392.

The question of whether federal question jurisdiction exists is determined by the "well-pleaded complaint rule," which requires that a federal question be "presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, 482 U.S. at 392; see also Trans Penn Wax

---

[2] The removal statute provides:

> . . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

28 U.S.C. 1441(a).

3

Corp. v. McCandless, 50 F.3d 217, 228 (3d Cir. 1995). Generally, the well-pleaded complaint rule "makes the plaintiff the master of the claim." Id. at 392; see also Trans Penn, 50 F.3d at 228 (same). The rule permits the plaintiff to "avoid federal jurisdiction by exclusive reliance on state law." Id. at 392.

The gravamen of plaintiff's complaint is that defendants exceeded their authority under Pennsylvania's Real Estate Tax Sales Law when the Bureau accepted his bid of $400.00 on real estate placed for tax sale and thereafter informed him that an additional $1,600.00 would be due for transfer taxes. These transfer taxes were based on an assessed value of $20,000.00 for the real estate, and not the $400.00 bid plaintiff had submitted and the Bureau had accepted. Plaintiff also takes issue with the length of time the Bureau informed him it would take to receive a deed, contending that the purported three year delay in the transaction violates his rights to due process and entitles him to declaratory relief and self-help remedies to expedite the process.

The first amended complaint accompanying the removal petition is replete with claims and accusations grounded in the Ninth and Fourteenth Amendments to the United States Constitution. It follows that federal question jurisdiction existed on the date of removal and the court has pendent jurisdiction over any concomitant state law claims subsumed within the complaint.

Plaintiff has filed a "notice of dismissal of federal claims without prejudice, or in the alternative, a motion to dismiss federal claims without prejudice and amendment." Through this filing plaintiff seeks to withdraw all federal claims and file an amended complaint that contains only state law claims. Defendant opposes the motion to the extent it seeks to divest the court of jurisdiction in the case.

Federal Rule of Civil Procedure 41 provides for the voluntary dismissal of an action without court order if the plaintiff files the notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, or if all parties who have appeared sign the stipulation of dismissal. Fed. R. Civ. P. 41(a)(1)(A). In all other incidences, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

Defendants concede that at this juncture plaintiff has the right to dismiss his federal causes of action. They do not address whether the dismissal of those claims should be with or without prejudice. The court will thus assume that defendants oppose a dismissal that is without prejudice.

All of the claims in the first amended complaint were predicated on federal law. Thus, recognizing the notice or granting the alternative motion has the practical effect of dismissing all of the claims in the first amended complaint. Although it appears that plaintiff is entitled to gain a dismissal of all of the claims in the first amended complaint through the filing of a notice alone, plaintiff's submissions will be treated as a motion to dismiss.

Whether to grant or deny a motion for voluntary dismissal under Rule 41(a)(2) falls within the sound discretion of the district court. Protocomm Corp. v. Novell, Inc., 171 F. Supp. 2d 459, 470-71 (E.D. Pa. 2001) (citing Sinclair v. Soniform, Inc., 935 F.2d 599, 603 (3d Cir. 1991), and Ferguson v. Eakle, 492 F.2d 26, 28 (3d Cir. 1974)). "The purpose of the grant of discretion under Rule 41(a)(2) . . . is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." Charles A. Wright & Arthur R. Miller, 9 Fed. Prac. & Proc. Civ. § 2364 nn.18-19 (3d ed. 2016) (collecting some of the "many, many cases" so holding). When considering dismissal under Rule 41(a)(2), "it

becomes necessary to decide the presence or extent of any prejudice to the defendant." Ferguson, 492 F.2d at 29. A plaintiff's decision to seek dismissal of his claims with or without prejudice creates a distinct analysis the court must undertake. Id.

Where the dismissal will be without prejudice, a district court must consider various factors such as: (1) the excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by the defendant in preparing for trial; (3) the extent to which the current suit has progressed; (4) the plaintiff's diligence in bringing the motion to dismiss and explanation thereof; and (5) the pendency of a dispositive motion by the nonmoving party in deciding the motion. Bezarez v. Pierce, 107 F. Supp. 3d 408, 415 (D. Del. 2015) (citing Schandelmeier v. Otis Div. of Baker—Schandelmeier, 143 F.R.D. 102, 103 (W.D. Pa. 1992)); Dodge-Regupol, Inc. v. RB Rubber Products, Inc., 585 F. Supp.2d 645, 652 (M.D. Pa. 2008); Maxim Crane Works, LP v. Smith Transp. Servs., 2016 U.S. Dist. LEXIS 95598, at *8 (W.D. Pa. July 22, 2016) (citing Young v. Johnson & Johnson Corp., 2005 U.S. Dist. LEXIS 26232, at *2-3 (E.D. Pa. Nov. 2, 2005) (listing the above factors to consider and adding whether the dismissal is designed to evade federal jurisdiction)); Maleski v. DP Realty Trust, 162 F.R.D. 496, 498 (E.D. Pa. 1995) (same).

The court concludes that these factors weigh in favor of plaintiff's motion to dismiss without prejudice. This case is in its infancy in that it has not progressed to the point where the pleadings are closed. And although defendants have filed a motion to strike plaintiff's entire first amended complaint pursuant to Rule 12(f), and responded to the motions filed by plaintiff, there has been little progress towards a comprehensive resolution of the litigation.[3] In other words, it

---

[3] It appears that defendants' attempt to use Rule 12(f) to bar all further proceedings by plaintiff is not a proper use or purpose of a motion to strike. While the first amended complaint does appear to contain arguments and conclusions of law, it is not difficult to ascertain what plaintiff is

cannot be said that defendants have made significant efforts or incurred significant expenses in preparing the case for trial. In addition, plaintiff diligently pursued his motion to dismiss and appears merely to want to proceed on state law claims. His purpose in doing so is to return to state court while the case is still in its early development. It follows that no factor under consideration weighs against plaintiff being permitted to withdraw his federal claims without prejudice.

The court will granted plaintiff's motion to withdraw his federal claims without prejudice. It will also deem plaintiff's second amended complaint appearing at document number 20-2 to be the operative complaint.[4]

After reviewing plaintiff's second amended complaint, it is clear that plaintiff has eliminated all federal issues from his complaint and has asserted issues that solely pertain to Pennsylvania state law. The issue thus presented is whether the court should exercise its pendent jurisdiction over these state law claims.

As previously noted, defendant removed this case pursuant to 28 U.S.C. § 1441 invoking federal question jurisdiction under 28 U.S.C. § 1331 and the court gained pendent jurisdiction over the state-law claims subsumed within plaintiff's complaint as it then existed. Having gained the benefit of reducing his claims to ones limited to state law or solely of state concern, plaintiff seeks the benefit of remand on the ground that no federal claims or interests remain. Defendants oppose such action on the grounds that diversity jurisdiction exists.

---

complaining about, nor does it appear to the court that formulating an answer to the allegations would be a monumental undertaking or as difficult as advocated by defense counsel. The common averments typically used to formulate most answers would appear to make the matter relatively straightforward.

[4] Of course, defendant's motion to strike the first amended complaint is rendered moot by the filing of the second amended complaint.

It has long been settled that a court may decline to exercise pendent jurisdiction over state law claims where the federal claims have dropped from the case at an early stage of the litigation. The Supreme Court of the United States was confronted with the same fact-pattern in Carnegie-Mellon University v. Cohill, 484 U.S. 343 (1988). It held that under Mine Workers v. Gibbs, 383 U.S. 715 (1966), "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims [and when] the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." Carnegie-Mellon, 484 U.S. at 350 (citing Gibbs, 383 U.S. at 726-27).

In Carnegie-Mellon, the plaintiffs filed a complaint in state court alleging a single federal-law age discrimination claim and number of state law claims, all of which arose from the husband's discharge from employment. The defendant removed. Thereafter, Judge Cohill granted the plaintiff's motion to amend the complaint to delete the federal cause of action and limit the claims to those grounded in state law. Judge Cohill then remanded the case to state court over the defendants' objection. The United States Court of Appeals for the Third Circuit denied defendants' application for a writ of mandamus.

The Supreme Court held that "a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." The discretion to remand enables district courts to deal with cases involving pendent claims in the manner that best serves the principles of economy,

convenience, fairness, and comity which underlie the pendent jurisdiction doctrine.[5] Such discretion is precluded neither by the removal statute nor by our [prior] decision in Thermtron [v. Products, Inc. v. Hermansdorfer, 423 U.S. 336 (1976)]." Carnegie-Mellon, 484 U.S. at 357.[6]

Here, the principles of economy, convenience, fairness, and comity weigh in favor of remand. First, the interests of economy and convenience weigh in favor of declining jurisdiction. The federal claims have dropped from the case prior to the closing of the pleadings. No other undertaking or case preparation has occurred in this court. The issuance of this opinion is the only undertaking by the court. In other words, this matter is in its infancy.

Second, a remand at such an early date does not implicate issues of fairness for either party. Although defendants contend that permitting further development of the case will improperly jeopardize their motion to strike, the need to respond to plaintiff's allegations upon a properly amended complaint is not a form of undue prejudice under the attendant circumstances.

Third, and importantly, the interest of comity weighs heavily in favor of remand. Defendants merely were implementing a uniquely state-based governmental function: carrying out a state tax sale on real estate in order to collect delinquent taxes. The matter is an important aspect of the exercise of state sovereignty and is grounded in authorization codified in state law.

---

[5] In addition to these identified factors, a "district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case. If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case." Of course, merely deleting a federal claim in order to render a complaint solely dependent on state law claims in order to gain a remand to state court is not a form of manipulation that precludes an order of remand. Id.

[6] A substantially similar doctrine is codified at 28 U.S.C. § 1367(c)(3). See City of Pittsburgh Com'n. on Human Relations v. Key Bank USA, 163 Fed. Appx. 163, 166 (3d Cir. Jan. 24, 2006) (""[W]hen federal claims are dismissed at an early stage, the exercise of pendent jurisdiction should be declined...") (citing Gibbs, 383 U.S. at 726); see also Bright v. Westmoreland County, 443 F.3d 276, 286 (3d Cir. 2006) (same).

They were either within the scope of their authority in carrying out the purported practices being challenged or they were not; if they were not, it clearly is within the interests of the state and the state courts in determining what if any remedies should flow from the activity found to have exceeded the exercise of the governmental authority in question. The state courts should be the first to weigh in on any such issues that actually materialize in this case.

It follows that a balancing of the relevant concerns under the exercise of pendent jurisdiction weighs in favor of remand. Consequently, the action should be remanded unless there is an independent basis for jurisdiction over plaintiff's state law claims.

Defendants maintain that remand is inappropriate because diversity jurisdiction exists over plaintiff's state law claims. Defendants cannot meet their burden to establish the facts needed to invoke diversity jurisdiction.

In order to establish diversity jurisdiction, the parties must be diverse in citizenship and the amount in controversy must be in excess of $75,000. 28 U.S.C. § 1332(a). The record fails to support either of these requirements.

"A party's citizenship is determined by his domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" Washington v. Hovensa LLC, 652 F.3d 340, 344 (3d Cir. 2011) (quoting McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (quoting Vlandis v. Kline, 412 U.S. 441, 454 (1973)). "Thus, domicile is established by an objective physical presence in the state or territory coupled with a subjective intention to remain there indefinitely." Id. (citing Frett–Smith v. Vanterpool, 511 F.3d 396, 400–01 (3d Cir. 2008)). Domicile is instantaneously established when the presence of both the objective presence and subjective intent concur. Id. (citing Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972)).

The party asserting diversity of citizenship has the burden of proving its existence. Id. The burden must be met by a preponderance of the evidence. Id.

The record fails to establish plaintiff's "domicile." The Second Amended Complaint fails to contain any averment concerning either plaintiff's residence or his domicile. And to the extent the record contains any evidence of plaintiff's domicile, it does not support defendants' assertion that plaintiff's domicile is Parma, Ohio. The only averment in the record that arguably reflects on plaintiff's domicile is contained in the initial complaint: to wit, that plaintiff is a residence of and tax payer of Mercer County, Pennsylvania. In the original documents filed with the Court of Common Pleas of Mercer County plaintiff's lists his address as "719 Spruce Avenue, Sharon, PA, 16146." In the initial complaint, plaintiff states that he is "a resident and taxpayer of Mercer County" and further claims that he resides at "719 Spruce Avenue, Sharon, PA, 16146." In plaintiff's first amended complaint, the averment of plaintiff being "a resident and taxpayer of Mercer County" remains as does his the averment that his residence is in Sharon, Pennsylvania.

"Diversity of citizenship must have existed at the time the complaint was filed [and in removal cases] at the time of removal." Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013). At the time the action was removed the averments of plaintiff's complaint did not supply a basis for establishing that plaintiff was a citizen of a state other than Pennsylvania, and defendants' removal petition did not invoke diversity jurisdiction. Any change in plaintiff's residence thereafter has no impact on the analysis. It follows that defendant cannot establish diversity of citizenship.

Defendants seek to establish plaintiff's current domicile as being in Parma, Ohio. It notes that in plaintiff's Second Amended Complaint, his mailing address is changed to "3900 Dawnshire Drive, Parma, OH, 44134," and his statement of being "a resident and taxpayer of

11

Mercer County" has been deleted from the complaint. Even moving beyond the death-knell of failing to prove domicile at the time of removal, the mere fact that plaintiff changed his mailing address of record to Parma, Ohio, falls far short of proving by a preponderance of the evidence the objective and subjective components needed to establish plaintiff's domicile.

Defendants also cannot establish that plaintiff's state-law claims present an amount in controversy in excess of $75,000. In determining the amount in controversy, the general rule is to turn to the complaint to determine the amount recoverable. Horton v. Liberty Mutual Ins. Co., 367 U.S. 348, 353 (1961). Accordingly, the court must review the claims advanced and any amount initially requested in conjunction therewith in order to determine if the amount in controversy is satisfied. Angus v. Shiley, Inc., 989 F.2d 142, 145-46 (3d Cir. 1993). It is a reasonable reading of the value of claims to be litigated that supplies the appropriate standard to be used in determining the amount in question. Id. at 145 (collecting cases); cf. Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."); Cary v. Pennsylvania Enters., Inc., 876 F.2d 333, 337 n. 12 (3d Cir. 1989) (same).

The party alleging federal jurisdiction has the burden of initially establishing any factual matters germane to the amount in controversy by a preponderance of the evidence. Samuel-Bassett v. Kia Motors America, Inc., 357 F.3d 392, 398-99 (3d Cir. 2004) (citing McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936)). If factual matters are not in dispute or any factual dispute has been resolved by findings of fact, jurisdiction must be sustained unless the record shows to a legal certainty that the amount in controversy is not present. Id. at 397. The party with the burden to establish that the legal certainty test has been

satisfied is dependent upon whether the complaint makes specific averments about the amount in controversy. Frederico v. Home Depot, 507 F.3d 188, 196-97 (3d Cir. 2007). Where the complaint specifically avers that the amount sought is less than the jurisdictional minimum of $75,000, a defendant seeking removal must prove to a legal certainty that plaintiff can recover the jurisdictional amount. Id. at 196-97. By contrast, in Morgan v. Gay, 471 F.3d 469, 473 (3d Cir. 2006), the court held that where the plaintiff expressly limits her claim below the jurisdictional amount as a precise statement in the complaint, applying the maxim that the plaintiff is the master of his or her own complaint, the proponent of federal subject matter jurisdiction is held to a higher burden; that is, the proponent of jurisdiction must show, to a legal certainty, that the amount in controversy exceeds the statutory threshold. Id.; accord Angus, 989 F.2d at 145 n. 3 ("where a complaint is ambiguous as to the damages asserted and the controversy seems small, it is conceivable that a court justifiably might consider a subsequent stipulation as clarifying rather than amending an original pleading. There is, after all, a distinction between explaining and amending a claim. Of course, as the Supreme Court explained in St. Paul Mercury Indemnity Co. v. Red Cab Co., [303 U.S. 283, 294 (1938)] a plaintiff seeking to guarantee against removal 'may resort to the expedient of suing for less than the jurisdictional amount.'") (quoting St. Paul Mercury Indemnity Co., 303 U.S. at 294)).

      Here, in addition to seeking declaratory and injunctive relief, plaintiff's amended complaint predicated solely on federal law violations originally sought damages of $300,000 against each defendant Commissioner in his personal capacity and an additional $300,000 against each defendant Commissioner in punitive damages. He also sought a $1,000,000 for the loss of his privacy. Plaintiff's second amended complaint seeks "a finding of fraud, and an award of damages of $5,000 against each Commissioner in his personal capacity for plaintiff's loss of

one year of work, and for an award of another $5,000 against each Commissioner as punitive damages." Second Amended Complaint (Doc. No. 20-2) at ¶ 64. He also seeks an award of "$5,000 against each defendant for the loss of the right of privacy", id. at ¶ 147, and a waiver of the final $200 payment to complete his bid for purchase of the property. Id. at ¶ 155.

Defendants, as the removing party, contend that an award in excess of $75,000 is still possible notwithstanding the reductions in plaintiff's second amended complaint. But plaintiff's averments and demands are of such a nature that virtually no reliance can be placed in their actual relationship to a reasonable valuation of the amount in controversy.

Moreover, a reasonable reading of the value of claims to be litigated fails to establish under any standard that the amount in controversy is satisfied. As previously noted, at its base the complaint challenges the defendants' ability under state law to charge transfer fees pursuant to an assessment of the value of real estate based on the existing valuation prior to the amount accepted at a tax sale. If the state has vested the Bureau with authority to impose a tax at transfer and to base that tax on an objective assessment of value separate from the tax sale, then plaintiff's claims as packaged in extended "gibberish" are without merit and carry no reasonably objective value for ascertaining the amount in controversy. If defendants exceeded some clear limitation on their authority, then the question becomes one of valuing the harm from charging a $1,600 transfer tax on a $400 tax upset sale as part of clearing and conveying good title to the purchaser. Whatever else can be said about plaintiff's elaborate claims predicated on this purported event, the basic facts make clear that a fair reading and reasonable valuation of all the potential damages in the case does not even remotely come close to meeting the amount in controversy. Consequently, diversity jurisdiction cannot be maintained over plaintiff's state law claims in the second amended complaint for this reason as well.

The final factor to be considered is plaintiff's efforts to avoid an adjudication of his claims in federal court. Defendants argue that plaintiff's second amended complaint and motion to dismiss without prejudice are tactics aimed at avoiding the jurisdiction of this court and assert that plaintiff is not abandoning his federal claims and may well resurrect them at a later date. Neither of these concerns warrant the denial of the remand plaintiff seeks.

A district court can examine whether the plaintiff has engaged in manipulative tactics in deciding whether to remand a case. Carnegie-Mellon, 484 U.S. at 357. If plaintiff has attempted to manipulate the jurisdictional forum, this behavior is to be taken into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand. Id. But even where the plaintiff's tactics appear to be manipulative, the attempt to avoid federal jurisdiction is only one of several factors to consider. Id. at 362-63. And as the Supreme Court repeatedly has observed, the mere effort to draw one's claims in a way that encompasses only an arena of state law is a legitimate maneuver and deleting a federal claim in order to gain a remand to state court is not a form of manipulation that precludes an order of remand.

Although plaintiff's actions are questionable, it cannot be said that they are only an undertaking of improper forum shopping. The heart of the case concerns questions of state authority and procedure and the state courts are in the best position to ascertain 1) whether the factual events averred by plaintiff actually occurred, 2) whether what did occur fell within or beyond the Bureau's authority, and 3) if the events that occurred were not permissible under state law, what injury or harm occurred and the appropriate remedy for any such injury or harm. It is this nucleus of operative facts and state law inquiry that overcomes any appearance of forum manipulation on plaintiff's behalf and supplies the grounds that tip the case in favor of remand.

Finally, defendant's concern that plaintiff may reassert his federal claims once in state court is not a significant barrier. In the event plaintiff does so, defendants may remove the case as it then exists and designate it as the same case or as a related case, as appropriate under the circumstances. In either event defendants' right of removal based on federal question jurisdiction will be protected adequately.

We can understand defendants' dismay at having to move forward under the circumstances. But the filings to date do not provide an sound basis for final resolution of the underlying issues raised by plaintiff's averments. And the First Amendment requires that we treat each case with the same acknowledgement of the right to access and discharge our responsibilities objectively and dispassionately. Those mandates compel the recognition that plaintiff is entitled to a remand when all relevant factors and attendant circumstances have been properly assessed. Accordingly, plaintiff's pendent state law claims will be remanded to the Court of Common Pleas of Mercer County.

For the foregoing reasons, plaintiff's notice of dismissal will be treated as a motion to dismiss his federal claims without prejudice and the motion will be granted. The submitted second amended complaint will be deemed to be the operative complaint. Plaintiff's motion to remand his second amended complaint will be granted and the case will be remanded to the Court of Common Pleas of Mercer County. An appropriate order will follow.

<u>Date: March 27, 2017</u>

s/David Stewart Cercone
David Stewart Cercone
United States District Judge

cc: G. Jay Habas, Esquire
    Estelle K. McGrath, Esquire

    (*Via CM/ECF Electronic Mail*)

M. Marinkovic
3900 Dawnshire Drive
Parma, OH 44134

(*Via First Class Mail*)